## UNITED STATES BANKRUPTCY COURT

### District of Connecticut

In Re:  Charlie A Smith
Debtor(s)

Case No.: 14−21261
Adv. Proc. No. 14−02046
Judge: Albert S. Dabrowski

Pacific Insurance Company, Ltd.
Plaintiff(s)

v.

Charlie A Smith
Defendant(s)

### SUMMONS AND NOTICE OF TRIAL IN AN
### ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of the issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

Address of the Clerk
450 Main Street
7th Floor
Hartford, CT 06103

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and address of Plaintiff's Attorney
Jay Marshall Wolman
Raymond Law Group
90 National Drive
Suite 3
Glastonbury, CT 06033

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a trial of the proceeding commenced by the filing of the complaint will be held at the following time and place.

450 Main Street, 7th Floor Courtroom, Room 715B, Hartford, CT 06103

on 1/26/15, at 10:00 AM

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Dated: 10/7/14



Gary M Gfell

Clerk, U.S. Bankruptcy Court

**CERTIFICATE OF SERVICE**
**Case Number: 14−02046**

I,  Marshal Harry J. Lakowsky (name), certify that service of this summons and a copy of the

complete was made _____10/6/14_____  Pacific Ins.Co. Ltd.
(date) by:

_____ Mail Service: Regular, first class United States mail, postage fully pre−paid addressed to:

___X___ Personal Service: By leaving the process with defendant or with an officer or agent of the defendant at:

_____ Residence Service: By leaving the process with the following adult at:

_____ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail
addressed to the following officer of the defendant at:

Oct. 10/14
_____
Date

*Harry J Lakowsky*
_____
Signature

HARRY J.LAKOWSKY
_____
Print Name

59 Woodland Drive Uncasville Ct. 06382
_____
Business Address

Uncasville   Ct.      06382
_____
City              State   Zip

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | **CASE NO. 14-21261 (ASD)** |
| | : | |
| **CHARLIE SMITH** | : | **CHAPTER 7** |
| | : | |
| **DEBTOR** | : | **October 6, 2014** |

---

| | | |
|---|---|---|
| **PACIFIC INS. CO., LTD A** | : | **ADVERSARY PROCEEDING** |
| **SUBSIDIARY OF THE HARTFORD** | : | |
| **FINANCIAL SERVICES GROUP a/s/o** | : | |
| **PETER PAN BUS LINES TRUST** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHARLIE SMITH** | : | **October 6, 2014** |

### COMPLAINT OBJECTING TO DISCHARGE

Pacific Insurance Company, LTD, a Subsidiary of The Hartford Financial Services Group

a/s/o Peter Pan Bus Lines Trust ("Pacific"), plaintiff and creditor of the above-named debtor,

Charlie Smith ("Smith"), alleges:

### INTRODUCTION

1.  As set forth more fully below, Debtor Smith was injured in a motor vehicle collision
    while in the course of his employment.  Plaintiff Pacific paid Debtor Smith workers'
    compensation benefits in excess of $60,000.  Debtor Smith brought claim against the
    tortfeasor and settled such claim for $100,000.  Plaintiff Pacific had a lien against such
    settlement, but Debtor Smith disregarded that lien.  Plaintiff Pacific brought suit against
    Debtor Smith relative to the lien and was awarded judgment of   $75,429.56 on
    September 4, 2013, nine months prior to the petition date.  In his petition, the attached
    schedules, statements, and declarations, Debtor Smith failed to properly identify the

nature and amount of Plaintiff's claim, neither did he amend or correct same at the meeting of creditors. Further, in his petition, the attached schedules, statements, and declarations, Debtor Smith failed to properly identify his potential claim against Attorney T.J. Morelli-Wolfe who represented Debtor in the tort claim, neither did he amend or correct same at the meeting of creditors. These actions render Debtor Smith ineligible for discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) & (a)(5). These actions further render Smith's debt to Pacific nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) & (a)(4).

## JURISDICTION

2. This is an adversary proceeding in the debtor's Case No. 14-21261 under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. §§ 727 & 523. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J).

3. Defendant Smith is not eligible for discharge as a debtor in his bankruptcy action pursuant to 11 U.S.C. §§ 727(a)(4)(A) and (5). Smith is also indebted to plaintiff creditor as fully detailed below, and the debt is not dischargeable in bankruptcy by virtue of the provisions of 11 U.S.C. §§ 523(a)(2) and (4).

## PARTIES

4. Plaintiff Pacific Insurance Company, LTD, a Subsidiary of The Hartford Financial Services Group a/s/o Peter Pan Bus Lines Trust is, and was at all times relevant herein, a Connecticut corporation with principal address of One Hartford Plaza, Hartford, Connecticut 06155, and is and was an insurer licensed and authorized to conduct business in the State of Connecticut.

2

5. Defendant Charlie Smith is an individual who at all times relevant herein has been a resident of the Village of Uncasville, in the Town of Montville, State of Connecticut

## GENERAL AVERMENTS

6. At all times relevant herein, Creditor's subrogor, Peter Pan Bus Lines Trust, was a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Springfield, Massachusetts.

7. At all times mentioned herein, the Debtor, Charlie Smith, was an employee of the Creditor's subrogor and was at the time of the events described acting in the course of his employment.

8. On or about May 8, 2007, the Debtor was operating a bus traveling on Route 2 near its intersection with Cossaduck Hill Road in North Stonington, Connecticut when a vehicle driven by Helmut Steinnagel crossed the center line and collided with the bus driven by the Debtor.

9. As a result of this incident, the Debtor, Charlie Smith, sustained the personal injuries he particularly described as:

> Serious injuries to various parts of his body, including but not limited to the following: abrasion to left upper scap; persistent headaches; concussion; post-concussive symptoms; cervical musculoligamentous strain with associated pain; thoracic musculoligamentous strain with associated pain; lumbar musculoligamentous strain with associated chronic pain; bilateral chronic S1 radiculopathy; numbness in legs and feet; aggravation of pre-existing conditions; and a severe shock to his nervous system. All of the said injuries caused the [Debtor] severe pain, mental anguish and distress of mind, and enjoyment of life's activities, and some or all of said injuries, or the effects thereof are, or are likely to be, permanent in nature.

See, Exhibit A, Complaint of Charlie Smith, March 24, 2009, at Paragraph 5.

3

10. The employment of said Debtor by the Creditor's subrogor was within the scope of the Workers' Compensation Act of the State of Connecticut and his injuries arose out of and in the course of his employment.

11. As a result of these injuries, the intervening Creditor's subrogor paid benefits to the Debtor, Charlie Smith, and to his medical providers in accordance with the Connecticut Workers' Compensation Act, in the amount of $63,706.06.  See, Exhibit F, Stipulations of June 19, 2013.

12. The Debtor instituted an action, <u>Charlie Smith vs. Helmut Steinnagel,</u> and returnable on April 14, 2009 in the Superior Court, Judicial District of New London at New London, Docket Number KNL-CV-09-5011162-S to recover damages which Helmut Steinnagel was alleged be legally liable.  See, Exhibit A.

13. Pursuant to Connecticut General Statutes § 31-293, the Creditor's subrogor claimed by Intervening Complaint of June 5, 2009, that any damages recovered in the action shall be so paid and apportioned such that it would be reimbursed therefrom the amounts that it had paid, and had become obligated to pay, to or on behalf of the employee plaintiff under the terms of the Workers' Compensation Act.  See, Exhibit B, Intervening Complaint, June 5, 2009.[1]

14. Pursuant to Connecticut General Statutes § 31-293, notice of Creditor's lien under the Workers' Compensation Act was given by letter of June 5, 2009, to Debtor, through his then-attorney, T.J. Morelli-Wolfe, Esq.  See, Exhibit C.

---

[1] The motion to intervene was denied as untimely.  The effect of such denial was only that Creditor's subrogor could not be a party plaintiff to the action; the denial did not dissolve Creditor's or Creditor's subrogor's lien against any judgment or settlement proceeds.

15. Subsequent to June 2009, Debtor executed a release of liability in favor of Helmut Steinnagel in exchange for a settlement of $100,000, through his auto insurer, Allstate.

16. Debtor failed to pay any portion of that settlement to Creditor or Creditor's subrogor.

17. Creditor institute an action against Debtor styled <u>Pacific Insurance Company, Ltd., a subsidiary of The Hartford Financial Services Group a/s/o Peter Pan Bus Lines Trust v. Charlie Smith</u>, Docket No. HHD-CV-11-6021109-S, returnable April 12, 2011, in the Superior Court for the Hartford Judicial District, to be reimbursed on account of its lien on the said settlement proceeds. See, Exhibit D, Complaint of March 15, 2011.

18. On October 19, 2011, the Superior Court issued a Memorandum of Decision indicating that Attorney Morelli-Wolfe and Debtor failed to properly recognize Creditor's and Creditor's subrogor's lien. See, Exhibit E.

19. On July 15, 2013, the Superior Court issued a Memorandum of Decision awarding judgment to Creditor on its complaint in its entirety, in the amount of $63,960.54. See, Exhibit G.

20. On September 4, 2013, the Superior Court awarded offer of compromise interest plus costs, bringing total judgment amount to $75,429.56. See, Exhibit H.

21. On June 27, 2014, Debtor filed his petition under Chapter 7. See, ECF No. 1.

22. On Schedule B, Item 21 thereof, "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims", Debtor identified only an Estimated 2014 tax return. See, ECF No. 1, at p. 9.

23. Schedule B, Item 21, Debtor failed to include his claim against Attorney Morelli-Wolfe for failing to properly advise him regarding Creditor's lien and for failing to properly dispose of the settlement proceeds entrusted to him.

24. Such claim may have a value of $75,429.56.

25. On Schedule F, Debtor wrongly identified the amount of Creditor's claim as $1.00, rather than $75,429.56 per the judgment of which he had notice for nine months and including the lien of which he had notice for five years.  See, ECF No. 1, at p. 16.

26. Debtor falsely executed his Declaration Concerning Debtor's Schedules in light of the omissions and misrepresentations on Schedules B & F.  See, ECF No. 1, at p. 24.

27. Debtor falsely executed his Petition by failing to include the potential claim in the estimated asset calculation and failing to include the liability to Creditor in the estimated liabilities.  See, ECF No. 1, at p. 1 & 3.

28. Debtor falsely submitted his Summary of Schedules by failing to include the potential claim in the asset calculation (Schedule B) and failing to include the liability to Creditor in the liabilities (Schedule F).  See, ECF No. 1, at p. 5.

29. Debtor falsely submitted his Statement of Financial Affairs (ECF No. 1, pp. 25-29), by misidentifying Creditor's judgment date (Item 4) and omitting the judgment amount.

30. On August 20, 2014, Debtor appeared for a § 341(a) Meeting of Creditors and failed to identify the claim against Attorney Morelli-Wolfe as an asset or correct the amount of Creditor's claim. See, Chapter 7 Trustee's Report of No Distribution, August 21, 2014.

## FIRST CLAIM FOR RELIEF

(For a Determination That Smith's Debts Are Not Dischargeable Pursuant to 11 U.S.C.
§727(a)(4)(A))

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30

above as though set forth fully herein.

32.  On June 27, 2014, Smith filed a Voluntary Petition for Bankruptcy with this court,

swearing under penalty of perjury that the information which he provided in the Petition

was true and correct.

33. On Schedule B of his Petition, Line 21, Smith did not identify any potential claim for

legal malpractice against Attorney T.J. Morelli-Wolfe.

34. Plaintiff is informed and believes and therefore alleges that Attorney T.J. Morelli-Wolfe

is liable to Smith for legal malpractice arising from his representation of Smith in the two

actions noted above, including, but not limited to:

    a.  Failing to account for Plaintiff's lien in advising the proper settlement amount;

    b.  Failing to advise Smith of his liability to Plaintiff relative to the lien;

    c.  Failing to properly disburse the settlement proceeds to satisfy the lien; and

    d.  Failing to advise Smith to accept Plaintiff's offer of compromise, resulting in an

       award of interest.

35. Such malpractice claim should, accordingly, be considered an asset of Smith.

36. Smith's failure to include such malpractice claim in Schedule B is a deliberate omission

of a material matter constituting a false oath or account in connection with the case.

37. Smith failed to disclose such claim as an asset with the intent to mislead creditors and the

trustee as to the debtor's true financial condition, or with reckless disregard for the truth

with regard to a matter material to the case.

7

## SECOND CLAIM FOR RELIEF

(For a Determination That Smith's Debts Are Not Dischargeable Pursuant to 11 U.S.C.
§727(a)(4)(A))

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37
above as though set forth fully herein.

39. On August 20, 2014, Smith appeared for a 341(a) Meeting of Creditors at which he
provided testimony under oath under the penalties of perjury.

40. At the said meeting of creditors, Smith did not identify any potential claim for legal
malpractice against Attorney T.J. Morelli-Wolfe.

41. Plaintiff is informed and believes and therefore alleges that Attorney T.J. Morelli-Wolfe
is liable to Smith for legal malpractice arising from his representation of Smith in the two
actions noted above, including, but not limited to:

    a. Failing to account for Plaintiff's lien in advising the proper settlement amount;

    b. Failing to advise Smith of his liability to Plaintiff relative to the lien;

    c. Failing to properly disburse the settlement proceeds to satisfy the lien; and

    d. Failing to advise Smith to accept Plaintiff's offer of compromise, resulting in an
       award of interest.

42. Such malpractice claim should, accordingly, be considered an asset of Smith.

43. Smith's failure to mention such malpractice claim at the meeting of creditors is a
deliberate omission of a material matter constituting a false oath or account in connection
with the case.

44. Smith failed to disclose such claim as an asset with the intent to mislead creditors and the
trustee as to the debtor's true financial condition, or with reckless disregard for the truth
with regard to a matter material to the case.

### THIRD CLAIM FOR RELIEF

(For a Determination That Smith's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(4)(A))

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44 above as though set forth fully herein.

46. On June 27, 2014, Smith filed a Voluntary Petition for Bankruptcy with this court, swearing under penalty of perjury that the information which he provided in the Petition was true and correct.

47. On Schedule F of his Petition, Line 21, Smith stated his liability to Plaintiff was $1.00.

48. Smith's liability to Plaintiff was $75,429.56.

49. Smith's failure to state the liability in Schedule F is a deliberate omission of a material matter constituting a false oath or account in connection with the case.

50. Smith failed to disclose such liability with the intent to mislead creditors and the trustee as to the debtor's true financial condition, or with reckless disregard for the truth with regard to a matter material to the case.

### FOURTH CLAIM FOR RELIEF

(For a Determination That Smith's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(4)(A))

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50 above as though set forth fully herein.

52. On August 20, 2014, Smith appeared for a 341(a) Meeting of Creditors at which he provided testimony under oath under the penalties of perjury.

53. At the said meeting of creditors, Smith did not his liability to Plaintiff in the amount of $75,429.56.

54. Smith's failure to mention such liability at the meeting of creditors is a deliberate omission of a material matter constituting a false oath or account in connection with the case.

55. Smith failed to disclose such claim as an asset with the intent to mislead creditors and the trustee as to the debtor's true financial condition, or with reckless disregard for the truth with regard to a matter material to the case.

### FIFTH CLAIM FOR RELIEF

(For a Determination That Smith's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(5))

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 above as though set forth fully herein.

57. In 2009, Smith received a substantial sum of money ($100,000.00)  from Allstate in settlement of litigation.

58. In 2009, Smith received a substantial sum of money ($37,500.00) from Plaintiff in settlement of a workers' compensation claim.  See, Exhibit I.

59. Smith's Bankruptcy Petition claims assets of $3,946.00, and liabilities of $22,152.97. See, ECF No. 1.

60. At the meeting of creditors, on Smith claimed under oath that he possessed no assets of any value that was not exempt.

61.  Smith has offered no satisfactory explanation for the disbursement of $137,500 received in 2009.

### SIXTH CLAIM FOR RELIEF

(For a Determination That Smith's Debt To Pacific Is Not Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A))

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61 above as though set forth fully herein.

63. Plaintiff entered into a workers' compensation Stipulation on January 9, 2009 with Smith in good faith and performed its part of the stipulation in full. See, Exhibit I.

64. Smith falsely represented to Pacific when he entered into the Stipulation that he understood and agreed to every provision of the Stipulation.

65. Among the terms of the Stipulation was Smith's express acknowledgment of Pacific's lien against any tort claim brought by Smith.

66. Smith admitted in the state court action over the lien that he entered into the Stipulation with Pacific not believing that the lien provision would be enforceable and binding on him, separate and apart from intervention rights in that tort action.

67. Pacific reasonably relied on Smith's representations that was entering into the Stipulation in good faith, and that he (a) had read the entire Stipulation, (b) agreed with all of its provisions, (c) intended to abide by it in its entirety and (d) entered into it voluntarily and on the advice of independent counsel.

68. Had Pacific known that Smith did not intend to abide by the lien provisions contained in the Stipulation, Pacific would not have entered into the Stipulation with Smith, and would not have paid him $37,500.

69. Smith's conduct at the time that he entered into the Stipulation with Pacific constitutes false pretenses and/or false representations, which Smith knew to be false and/or which Smith made with reckless disregard as to their truth or falsity.

## SEVENTH CLAIM FOR RELIEF

(For a Determination That Smith's Debt To Pacific Is Not Dischargeable Pursuant to 11 U.S.C. §523(a)(4))

11

70. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 69 above as though set forth fully herein.

71. Smith had notice of Plaintiff's lien on the potential $100,000 settlement proceeds at least as early as January 9, 2009. See, Exhibit I.

72. Supplemental notice of the lien was provided on June 5, 2009. See, Exhibit C.

73. At some time after June 5, 2009, Smith acquired $100,000 in settlement proceeds from Allstate on the underlying tort action.

74. Smith was required to recognize and preserve Plaintiff's lien right in that settlement.

75. With custody over funds that properly belonged to Plaintiff, Smith acted in a fiduciary capacity on behalf of Plaintiff.

76. Smith commingled, failed to account for, and misdirected the funds belonging to Plaintiff, constituting defalcation.

77. Such was not mere inadvertence, but rather was a conscious disregard for Plaintiff's equitable title to the funds.

## EIGHTH CLAIM FOR RELIEF

(For a Determination That Smith's Debt To Pacific Is Not Dischargeable Pursuant to 11 U.S.C. §523(a)(4))

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77 above as though set forth fully herein.

79. Smith had notice of Plaintiff's lien on the potential $100,000 settlement proceeds at least as early as January 9, 2009. See, Exhibit I.

80. Supplemental notice of the lien was provided on June 5, 2009. See, Exhibit C.

81. At some time after June 5, 2009, Smith acquired $100,000 in settlement proceeds from Allstate on the underlying tort action.

12

82. Plaintiff's property, the funds to which it was entitled, was in the possession of Smith

pending his anticipated distribution of such funds as, upon information and belief,

Allstate provided only a single payment instrument.

83. Smith appropriated Plaintiff's funds to his own use while they were entrusted to him.

84. Smith admitted in the state court action over the lien that he did not intend to recognize

the lien separate and apart from the right to intervene.

85. Smith, when he came into possession of the funds, fraudulently intended to convert them

to his own use.

86. Smith's appropriation thus constitutes embezzlement of Plaintiff's funds.


WHEREFORE, plaintiff prays for the entry of judgment against defendant as follows:

1. That the Court determine that the debts of defendant be ruled nondischargeable as a result

of defendant's knowingly and fraudulently making a false oath in connection with a

bankruptcy case by virtue of the provisions of 11 U.S.C. § 727(a)(4)(A);

2. That the Court determine that the debts of defendant be ruled nondischargeable as a result

of defendant's failure to satisfactorily explain his loss of and/or deficiency of assets by

virtue of the provisions of 11 U.S.C. § 727(a)(5); or in the alternative

3. That the Court determine that the debt owed to plaintiff by defendant as a result of

defendant's false pretenses and/or false representations, upon which plaintiff relied to its

detriment, and as a result of defendant's defalcation and embezzlement of plaintiff's

funds, is nondischargeable by virtue of the provisions of 11 U.S.C. §§ 523(a)(2) and

(a)(4);

4.  For an award of attorney's fees as allowable by law in an amount the Court determines to

    be reasonable;

5.  For costs of suit herein incurred; and

6.  For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Pacific Insurance Company, LTD.
A Subsidiary of The Hartford
Financial Services Group a/s/o
Peter Pan Bus Lines Trust

/s/ Jay M. Wolman
Jay M. Wolman CT29129
Raymond Law Group LLC
90 National Drive, Suite 3
Glastonbury, CT 06033
860-633-0580
860-633-0438 Facsimile
Wolman@raymondlawgroup.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of foregoing pleading was filed electronically and

served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by

e-mail to all parties by operation of the court's electronic filing system or by mail to anyone

unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may

access this filing through the court's CM/ECF System.

And by MAIL TO

Charlie A. Smith
24 Cove Road, Apt. 3
Uncasville, CT 06382

Date: October 6, 2014                              /s/ Jay M. Wolman
                                                   Jay M. Wolman

# EXHIBIT A

MAY. 29. 2009   3:23PM    L O OF MARK S GILOREAST                    NO. 860    P. 2

Apr. 20. 2009  7:57AM                                               No. 5371   P. 7/15

RETURN DATE: APRIL 14, 2009        :        SUPERIOR COURT

CHARLIE SMITH                      :        J D OF NEW LONDON

VS.                                :        AT NEW LONDON

HELMUT STEINNAGEL                  :        March 24, 2009

COMPLAINT

Count One:  Negligence

I.      On or about May 8, 2007, the Plaintiff, CHARLIE SMITH, was operating a bus

on Route 2 in North Stonington, Connecticut near its intersection with Cossaduck Road.

2.      At said time and place, the Defendant, HELMUT STEINNAGEL, was operating a

motor vehicle on Route 2 in North Stonington, Connecticut near its intersection with Cossaduck

Road.

3.      At said time and place as the Plaintiff was thus proceeding, the Defendant crossed

the center line and hit the vehicle operated by the Plaintiff with such force that it caused the bus

operated by the plaintiff to become airborne, causing the Plaintiff to suffer the serious injuries,

losses and damages as hereinafter more fully set forth.

4.      The Defendant was negligent and careless in one or more of the following ways,

IN THAT HE:

        (a)     operated said vehicle at a rate of speed greater than was reasonable, having

regard to the width, traffic and use of the highway, the intersection of streets and weather

conditions, and/or in violation of Section 14-218a of the Connecticut General Statutes;

Loya Knight et al. Tl.L
Margil Wolfe, P.C.
1663 Route 12
PO Box 413
Gales Ferry, CT 06335
Tel (860) 464-0100
Fax (860) 464-0101
Juris No. 422657

IGE 7/15 * RCVD AT 4/20/2009 6:59:21 AM [Central Daylight Time] * SVR:hj4D00B/30 * DNIS:52090 * CSID: * DURATION (mm-ss):02-24

MAY. 29. 2009  5:25PM    C U OF MARK S GILONEAST                        NO. 860    P. 3

Apr. 20. 2009  7:57AM                                              No. 5971    P. 8/15

(b)     operated said vehicle recklessly having regard to the width, traffic and use of such highway, the intersection of streets and weather conditions, and/or in violation of Section 14-222 of the Connecticut General Statutes;

(c)     failed to drive in the right-hand lane and/or in violation of Section 14-230 of the Connecticut General Statutes;

(d)     failed to pass on-coming traffic to the right, and/or in violation of Section 14-231 of the Connecticut General Statutes;

(e)     failed to operate said motor vehicle as nearly as practicable within a single lane, and/or in violation of Section 14-236 of the Connecticut General Statutes;

(f)     failed to keep his vehicle under proper and reasonable control;

(g)     failed to keep a proper and reasonable lookout for other motor vehicles upon said highway;

(h)     failed to apply his brakes in time to avoid a collision, although by a proper and reasonable exercise of faculties he could and should have done so;

(i)     failed to turn his motor vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties he could and should have done so;

(j)     failed to t sound a horn or give the plaintiff any warning of an impending collision.

Law Office of T.J.
Morelli-Wolfe, P.C.
1003 Route 12
PO Box 412
Glen Ferry, CT 06335
Tel (800) 604-6000
Fax (603) 404-6003
Juris No. 412489

2

Apr. 20. 2009  7:57AM                                    No. 5971   P. 9/15

5.      As a result of the negligence and carelessness of the Defendant as aforesaid, the Plaintiff suffered serious injuries to various parts of his body, including but not limited to the following:  abrasion to left upper scalp; persistent headaches; concussion ; post-concussive symptoms; cervical musculoligamentous strain with associated pain; thoracic musculoligamentous strain with associated pain; lumbar musculoligamentous strain with associated chronic pain; bilateral chronic S1 radiculopathy; numbness in legs and feet; aggravation of pre-existing conditions; and a severe shock to his nervous system.  All of the said injuries caused the Plaintiff severe pain, mental anguish and distress of mind, and enjoyment of life's activities, and some or all of said injuries, or the effects thereof are, or are likely to be, permanent in nature.

6.      As a result of the negligence and carelessness of the Defendant as aforesaid, the Plaintiff was compelled to expend and will be obliged in the future to continue to expend large sums of money for medical treatment, hospitals, x-rays, medicines, apparatus, etc., all to his/her loss and damage.

7.      As a further result of the negligence and carelessness of the Defendant as aforesaid, the Plaintiff's earning capacity was and has been greatly diminished, impaired and reduced, all to his/her loss and damage.  The Plaintiff was gainfully employed at the time of the collision, and was unable to pursue the duties of employment, all to further loss and damage.

Law Office of T.I.
Mandil-Wolin, P.C.
603 Room 12
10 Door 415
Isles Ferry, CT 06035
tel. (860)-464-8000
fax (860)-464-6000
Ivis No. 22459

3

Count Two:   **Statutory Recklessness**

1. -3.   Paragraphs 1 through 3 of Count One are hereby realleged as paragraphs 1 through 3 of Count Two as if more fully set forth herein.

4.        The Defendant's conduct was reckless in one or more of the following ways, IN THAT HE:

(a)        recklessly or with deliberate disregard operated said vehicle at a rate of speed greater than was reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions, and/or in violation of Section 14-218a of the Connecticut General Statutes (said violation being a substantial factor in causing damage to property and person);

(b)        recklessly or with deliberate disregard operated said vehicle recklessly having regard to the width, traffic and use of such highway, the intersection of streets and weather conditions, and/or in violation of Section 14-222 of the Connecticut General Statutes (said violation being a substantial factor in causing damage to property and person);

(c)        recklessly or with deliberate disregard failed to drive in the right-hand lane and/or in violation of Section 14-230 of the Connecticut General Statutes (said violation being a substantial factor in causing damage to property and person).

Law Office of T.J.
Merritt-Wolfe, P.C.
160 Route 12
PO Box 417
Glen Ferry, CT 00371
Tel. (860) 664-0000
Fax. (860) 664-0000
Juris No. 431438

4

5.    As a result of the recklessness of the Defendant as aforesaid, the Plaintiff suffered

serious injuries to various parts of his body, including but not limited to the following:  abrasion

to left upper scalp; persistent headaches; concussion ; post-concussive symptoms; cervical

musculoligamentous strain with associated pain; thoracic musculoligamentous strain with

associated pain; lumbar musculoligamentous strain with associated chronic pain; bilateral

chronic S1 radiculopathy; numbness in legs and feet; aggravation of pre-existing conditions; and

a severe shock to his nervous system. All of the said injuries caused the Plaintiff severe pain,

mental anguish and distress of mind, and enjoyment of life's activities, and some or all of said

injuries, or the effects thereof are, or are likely to be, permanent in nature.

6.    As a result of the recklessness of the Defendant as aforesaid, the Plaintiff was

compelled to expend and will be obliged in the future to continue to expend large sums of money

for medical treatment, hospitals, x-rays, medicines, apparatus, etc., all to his/her loss and damage.

7.    As a further result of the recklessness of the Defendant as aforesaid, the Plaintiff's

earning capacity was and has been greatly diminished, impaired and reduced, all to his/her loss

and damage.  The Plaintiff was gainfully employed at the time of the collision, and was unable to

pursue the duties of employment, all to further loss and damage.

Law Office of J.J.
Morelli-Irwin, P.C.
1167 Route 12
PO Box 910
Gales Ferry, CT 06335
Tel (860) 464-6600
Fax (860) 464-6007
Juris No. 422478

5

Apr. 20. 2009  7:57AM                                                    No. 5371    P. 12/15

WHEREFORE, the Plaintiff claims:

    1.    Monetary damages;

    2.    Double or treble damages pursuant to Section 14-295 of the Connecticut General

Statutes;

    3.    Costs;

    4.    Such other, further and different relief as to this Court may deem just and

equitable.

THE PLAINTIFF,

By _____
T.J. Morelli-Wolfe
LAW OFFICE OF T.J. MORELLI-WOLFE, P.C.
1663 Route 12
PO Box 413
Gales Ferry, CT 06335
Tel. 860.464.6000
Fax. 860.464.6003
*Juris No. 422458*

Law Office of T.J.
Morelli-Wolfe, P.C.
1663 Route 12
PO Box 413
Gales Ferry, CT 06335
Tel. (860) 464-6000
Fax: (860) 464-6003
Juris No. 422458

6

GE 12/15 * RCVD AT 4/20/2009 6:59:21 AM [Central Daylight Time] * SVR:h9+000B/30 * DNIS:52080 * CSID: * DURATION (mm-ss):02-24

Case 14-02046   Doc 5   Filed 10/15/14   Entered 10/15/14 14:43:32   Desc Main
Case 14-21261   Doc 19-1   Filed 10/06/14   Entered 10/06/14 14:06:22   Desc Exhibit
Document   Page 25 of 25

Apr. 20. 2009  7:57AM                                                          No. 5371   P. 13/15

RETURN DATE: APRIL 14, 2009          :          SUPERIOR COURT

CHARLIE SMITH                        :          J D OF NEW LONDON

VS.                                  :          AT NEW LONDON

HELMUT STEINNAGEL                    :          March 24, 2009

### STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is not less than FIFTEEN THOUSAND

DOLLARS ($15,000.00), exclusive of interest or costs.

THE PLAINTIFF,

By _____
T.J. Morelli-Wolfe
LAW OFFICE OF T.J. MORELLI-WOLFE, P.C.
1663 Route 12
PO Box 413
Gales Ferry, CT 06335
Tel. 860.464.6000
Fax. 860.464.6003
Juris No. 422458

Law Office of T.J.
Morelli-Wolfe, P.C.
1663 Route 12
PO Box 413
Gales Ferry, CT 06335
Tel: (860) 464-6000
Fax: (860) 464-6003
Juris No. 422458

7

GE 13/15 ª RCVD AT 4/20/2009 6:59:21 AM [Central Daylight Time] ª SVR:hj4000B/30 ª DNIS:52090 ª CSID: ª DURATION (mm-ss):02-24