UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In re: <br> CHARLIE SMITH | : Case No. 14-21261(ASD) <br> : |
| Debtor | : CHAPTER 7 <br> : |
| | : OCTOBER 14, 2015 |

| | |
|---|---|
| PACIFIC INS. CO., LTD A <br> SUBSIDIARY OF THE HARTFORD <br> FINANCIAL SERVICES GROUP <br> PETER PAN BUS LINES TRUST | : AP No. 14-02046 <br> : <br> : <br> : |
| | : <br> : |
| v. | : <br> : |
| CHARLIE SMITH | : |

## DEBTOR/RESPONDANT CHARLIE SMITH'S MEMORANDUM OBJECTING TO THE PLAINTIFF'S MOTION TO COMPEL (DOC I.D. # 19)

The Respondent-Debtor, Charlie Smith, in the above captioned Adversarial Proceeding objects through his Counsel Kevin D. Wickless to the Complainant-Plaintiff, Pacific Ins. Co., Ltd., a subsidiary of The Hartford Financial Services Group a/s/o Peter Bus Line's Trust's Motion to Compel Testimony and Production of Documents and for Contempt. (Motion to Compel Doc I.D. # 19). The Debtors position is that he did not waive his Attorney Client Privilege as alleged by the Plaintiff in its Motions, although the Plaintiff contends the debtor waived his Attorney Client Privilege at a Deposition on February 5, 2015. Subsequently the Debtor revoked this "alleged" waiver after calm reflection and further explanation by his prior counsel Attorney Morelli-Wolfe. Thereafter the debtor executed an affidavit asserting his Attorney-Client Privilege (Attached hereto as Exhibit A).

## FACTS:

The Plaintiff alleges that the Debtor intentionally failed to identify the nature and amount of Plaintiff's Claims on his bankruptcy petition and at the 341 meeting. Plaintiff's Complaint to discharge Doc I.D. # 1 The Plaintiff alleges that it had paid the Debtor's workers' compensation benefits to the debtor in excess of $60,000.00 for which the debtor had brought a claim against the tortfeasor and had settled a subsequent and related Personal Injury claim for $100,000.00 through his Personal Injury counsel, Attorney T.J. Morelli-Wolfe.  The Plaintiff alleged it had a lien for which the Court seemingly agreed and (Robaina, J.) held in Docket #: HHD-CV-11-6021109-S in the Hartford Superior Court which was subsequently upheld on Appeal. The Plaintiff in its Adversarial Proceeding Alleges that these actions render the Debtor ineligible for discharge pursuant to 11 USC sec. 727(a) (4) (A) & (a) (5) as well as claiming that the these debts are not dischargeable under 11 USC 523(a)2 and (a)(4). Furthermore, in response to the Plaintiff's allegation contained its complaint, the debtor denied and/or objected to these claims in his Objection/Answer Doc I.D. # 8 dated November 19, 2014.  In fact, the debtor had listed the Plaintiff's potential Claim as asserted by the Plaintiff in three different manners on the Schedule F (see Exhibit B attached hereto). as well as listing the Plaintiff as well as the lawsuit in Question # 4 of the statement of Financial Affairs  (See Exhibit C attached hereto). Furthermore, while it is true that an exact amount of the claim was not listed in the Debtors initial filing, (due to the fact that the Debtor's Chapter 7 counsel not

being in possession of the memorandum of decision at the filing date of June 27,

2014) the debtor had in fact amended the petition at a later date to include the

exact figure that is allegedly owed to the Plaintiff. Finally, it should be noted that

the counsel for the Plaintiff was not present at the 341 Meeting of creditors.

## Argument:

## Was the Attorney Client Privilege established?

As noted in its Brief the Plaintiff, (the Attorney-Client privilege), "as with all

privileges, the person claiming the attorney-client privilege has the burden of

establishing all essential elements." *In re Modell*, 171 B.R. 510, 516, (Bankr.

S.D.N.Y. 1994) (citing *In re Horowitz*, 482 F.2d 72 at 81-82 (2d Cir. 1973)). The

elements required to establish such a privilege are well established:

> The [attorney-client] privilege applies only if (1) the asserted holder of the
> privilege is or sought to become a client; (2) the person to whom
> communication was made (a) is a member of the bar of a court, or his
> subordinate and (b) in connection with this communication is acting as a
> lawyer; (3) the communication relates to a fact of which the attorney was
> informed (a) by his client (b) without the presence of strangers (c) for the
> purpose of securing primarily either (i) an opinion on law or (ii) legal
> services or (iii) assistance in some legal proceeding, and not (d) for the
> purpose of committing a crime or tort; and (4) the privilege has been (a)
> claimed and (b) not waived by the client.

*SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 161 (S.D.N.Y. 2014)(quoting

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 441

(S.D.N.Y. 1995) (Francis, M.J.), quoting *United States v. United Shoe Mach.*

*Corp.,* 89 F. Supp. 357, 358-59 (D. Mass. 1950)."

It is clear from the facts that Mr. Charlie Smith was represented by Attorney

Morelli-Wolfe for an extended period of time on both Mr. Smith/debtor Workers

compensation case as well as his personal injury matter.  See Charlie Smith v

Helmut Steinnagel, Docket No. KNL-CV09-5011162-S Superior Court District of New London. On or about November 24, 2009, while being represented by counsel, the above referenced (personal injury) matter was settled and as such it is alleged that Attorney Morelli-Wolfe received funds in the amount of $100,000.00 from the Defendant Steinnagel's insurance company as alleged in the Plaintiff's brief. Therefore absent additional testimony from Attorney Morelli-Wolfe and the debtor Charlie Smith, is clear that an Attorney-Client Relationship had in fact existed.

### Assuming a Privelege exists was there an effective waiver?

The purpose of the Attorney-Client Privilege is well founded. The (Attorney-Client Privilege exists to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in observance of law and the administration of justice." *Upjohn Co. V. United States*, 449 U.S. 383, 389, 101 S. Ct. 677 (1981). Therefore it makes sense that an individual who decides to waive any privilege must do so knowingly and intelligently and certainly have an understanding of what they are waiving. This is not what occurred in Mr. Smith's case.

On February 5, 2015 the Plaintiff deposed the Defendant debtor Smith after deposing Attorney Morelli-Wolfe. Neither Morelli-Wolfe, nor the Debtor Smith were present at the other's Deposition. At the Debtors Deposition, the Plaintiff's counsel asked Defendant Smith if he would instruct Attorney Morelli-Wolfe to provide him with documents that he took in course of his representation of Defendant-Debtor Smith in the negligence or lien action. Defendant-Debtor Smith

agreed that he would and he further stated he would waive any claims of

privilege regarding those documents. *See* Transcript of Deposition of Charlie

Smith, at p.66-67: 17:-2 (See Exhibit D attached hereto). Attorney Morelli-Wolfe

was unaware that Defendant-Debtor Smith supposedly waived the Attorney-

Client privilege. (It should be noted that Mr. Smith's Bankruptcy Attorney, Kevin

D. Wickless who was present at Mr. Smith's deposition, did not represent him in

his prior cases but rather for the filing of his Chapter 7 Petition Case # 14-21261)

Nonetheless, on April 16, 2015 Defendant-Debtor Smith met with Attorney

Morelli-Wolfe and indicated that he had not understood what such a waiver

meant and once the waiver was explained to him, Defendant-Debtor Smith

indicated that he did not waive the Attorney-Client privilege. *See* "Exhibit A." This

was relayed to Plaintiff's counsel via correspondence on April 16, 2015. *Id.*

Accompanying the correspondence was an Affidavit from Defendant-Debtor

Smith which stated that he did not waive the Attorney-Client privilege. The

Affidavit stated in part:

> "At my February 5, 2015 deposition, I was not fully advised about the
> attorney-client privilege and did not knowingly and intelligently waive the
> attorney-client privilege. Having now been fully advised of the privilege and
> the implications therein, I do **not** waive the attorney-client privilege with
> respect to my conversations with Attorney T.J. Morelli-Wolfe or the contents
> of my file with his office."

(emphasis in the original) *See* "Exhibit A."

Furthermore, and as the Plaintiff relies upon the Debtors Deposition the

Plaintiff's counsel asked Defendant-Debtor Smith would instruct Attorney Morelli-

Wolfe to provide him with documents that he took in course of his representation

and that Defendant Smith seemingly agreed it is clear that the Defendant did not

understand the importance and consequences of his waiver when it is clear from review of the record that Mr. Smith was not adequately advised to the extent that he could understand to knowingly and intelligently waive his Attorney-Client Privilege. It is also clear that Mr. Smith did not understand much of what was asked of him and that even if he did not understand a question, he would not indicate his lack of understanding but rather give any answer that would move the deposition along. See Transcript of Deposition of Charlie Smith, at p.68-69: 1:-21(See Exhibit E attached hereto). This becomes clear upon reading further in the Transcript and upon cross examination by his Bankruptcy Counsel. The Debtor does not understand who (as the holder of the privilege) has the ability to waive said privilege. See Transcript of Deposition of Charlie Smith, at p.69-70: 16:-2 (See Exhibit F attached hereto); the debtor does not understand the meaning of the Attorney work product doctrine.

   The debtor never intended to waive his Attorney-Client Privilege but was rather worn down after several hours of being deposed and was willing to answer in a manner he felt it would enable the deposition to end and that he would be free to go. In the end, Mr. Smith would want nothing more than to have this matter resolved so that he will not have to incur neither further additional trips to neither Court nor additional Attorney Fees which he clearly cannot afford. Therefore there was no waiver of said privilege.

   Wherefore, In conclusion the Defendant-Debtor Charlie Smith respectfully request that the Court find that Charlie Smith's "waiver" was inadvertent and was not given knowingly and intelligently and that as such the Plaintiff's Motion to

compel be denied on that basis and as such the court may rely upon the Affidavit

and Waiver as executed and attached hereto dated April 15, 2015.


RESPECTFULLY SUBMITTED BY THE
DEBTOR

/S/ CHARLIE SMITH
CHARLIE SMITH

_____
Signature
Date:
Kevin D. Wickless
Kevin Wickless Law, LLC.
99 Main Street, Suite 3A
Norwich, CT 06360
860-889-8804
860-889-8806 facsimile
kevin@kevinwicklesslaw.com

## CERTIFICATION OF SERVICE

Certification is hereby made that on October 14, 2015, a copy of the *DEBTOR/RESPONDANT CHARLIE SMITH'S MEMORANDUM OBJECTING TO THE PLAINTIFF'S MOTION TO COMPEL (DOC I.D. # 19) was* filed electronically and served by mail on anyone unable to accept electronic filing mailed via first class mail postage prepaid to the following parties of interest: Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF System.

Bruce Raymond, Esq.JAY M. WOLMAN, Raymond Law Group LLC, 90 National Drive, Suite 3 Glastonbury, CT 06300

Jody N. Cappello
Winget, spadafora & Schwartzberg, LLP
177 Broad Street, 10th floor
Stamford, CT 06901

Charlie Smith
24 Cove Road
Uncasville, CT 06382

/s/ _____
KEVIN D. WICKLESS
Attorney for the Debtor

**Exhibit A**

## Law Office of T.J. Morelli-Wolfe, P.C.

**118 New London Turnpike**
**Norwich, CT 06360**

Telephone: (860) 886-9225
Telefax: (860) 887-5336

April 16, 2015

*VIA TELEFAX*

Jay Wollman
Raymond Law Group
90 National Drive, Suite 3
Glastonbury, CT 06033

Re:   Pacific Insurance v Smith

Dear Mr. Wollman:

This responds to your email dated April 13, 2015, regarding the above matter. I was unaware that Mr. Smith supposedly waived the attorney client privilege. I met with him yesterday. During that meeting he was adamant that he did not understand what such a waiver meant. Once explained to him, he insists that any waiver was a mistake and that he does not waive the attorney-client privilege. Attached is an affidavit stating such.

Should you wish to discuss this matter this week as suggested in your email, I am available tomorrow.

Sincerely,

T.J. Morelli-Wolfe

Enclosure

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | Case No. 14-21261 (ASD) |
| CHARLIE SMITH | ) | Chapter 7 |
| DEBTOR | ) | |
| | ) | |
| PACIFIC INS. CO., LTD A | ) | |
| SUBSIDIARY OF THE HARTFORD | ) | |
| FINANCIAL SERVICES GROUP | ) | AP No. 14-02046 (ASD) |
| a/s/o PETER PAN BUS LINES TRUST, | ) | |
|     Plaintiff | ) | |
| VS | ) | |
| CHARLIE SMITH, | ) | |
|     Defendant | ) | |

## AFFIDAVIT

The undersigned, being duly sworn, deposes and says as follows:

1.     I am over the age of eighteen (18) years old, believe in the obligations of an oath and make this Affidavit based on my own personal knowledge;

2.     At my February 5, 2015 deposition, I was not fully advised about the attorney-client privilege and did not knowingly and intelligently waive the attorney-client privilege. Having now been fully advised of the privilege and the implications therein, I do not waive the attorney-client privilege with respect to my conversations with Attorney T.J. Morelli-Wolfe or the contents of my file with his office.

                                                       Charlie Smith

Subscribed and sworn to, before me,
this ⎵⎵ 15 ⎵⎵ day of April 2015

Notary Public/Commissioner of the Superior Court

**Exhibit B**

Case 14-21261   Doc 1   Filed 06/27/14   Entered 06/27/14 14:45:10   Desc Main
Document     Page 14 of 37

B6F (Official Form 6F) (12/07)

IN RE Smith, Charlie A                                                        Case No. _____
_____
Debtor(s)                                                          (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 8608482628629<br><br>AT&T Services<br>1 Science Park<br>New Haven, CT  06511 | | | date paid: 05/15/2008, was paid or was a charge off | | | | 139.00 |
| ACCOUNT NO. 486236713623<br><br>Capital One<br>P.O. Box 30281<br>Salt Lake City, UT  84130 | | | Date opened: 04/16/2007 | | | | 1,246.00 |
| ACCOUNT NO. 517805217628<br><br>Capital One<br>P.O. Box 30281<br>Salt Lake City, UT  84130 | | | 7/28/2004 | | | | 738.00 |
| ACCOUNT NO. 61490<br><br>Citifinancial Auto<br>2208 Highway 121 Ste 100<br>Bedford, TX  76021 | | | Date opened: 09-15-2001 | | | | 17,263.00 |

_____2_____ continuation sheets attached

Subtotal
(Total of this page) $ 19,386.00

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

©1993-2013 EZ-Filing, Inc.

B6F (Official Form 6F) (12/07) - Cont.

IN RE Smith, Charlie A _____     Case No. _____
Debtor(s)                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Enterprise Final Team** <br> **1 Science Park Flr 2** <br> **New Haven, CT  06511** | | | | | | | 0.00 |
| ACCOUNT NO. 17338737 <br> **Groton Ambulance Association** <br> **269 Main Street** <br> **Cromwell, CT  06416** | | | Date of Call: 10/27/2013 | | | | 24.68 |
| ACCOUNT NO. IPC3543497 <br> **IPC Hospitalists Of New England** <br> **POB 8219** <br> **Pasadena, CA  91109** | | | 10-27-13, 10-28-13, 10-31-13 (dates of services) | | | | 386.10 |
| ACCOUNT NO. IPC3543497 <br> **IPC Hospitalists Of New England** <br> **POB 8219** <br> **Pasadena, CA  91109** | | | Service Dates: 10/28/13-10/31/13 | | | | 188.19 |
| ACCOUNT NO. V012961414 <br> **Lawrence & Memorial Hospital** <br> **POB 536** <br> **Linden, MI  48451** | | | Service dates: 11/30/13-12/02/13 | | | | 300.00 |
| ACCOUNT NO. 17333164 <br> **Lawrence & Memorial Paramedics** <br> **269 Main Street** <br> **Cromwell, CT  06416** | | H | 10/27/2013 <br> call number: 26962149 | | | | 645.00 |
| ACCOUNT NO. 173637 <br> **London & London Attorneys At Law** <br> **48 Christian Lane** <br> **Newington, CT  06111** | | | docket number: 173637 <br> date filed: 01/13/2009 <br><br> GA 14 Hartford District <br> 101 Lafayette ST <br> Hartford, CT 06106 | | | | 1,220.00 |

Sheet no. __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | $ | 2,763.97 |
|---|---|---|---|
|  | Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | |

©1993-2013 EZ-Filing, Inc.

B6F (Official Form 6F) (12/07) - Cont.

IN RE Smith, Charlie A _____    Case No. _____
                    Debtor(s)                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **HHD-CV11-6021109-S**<br>**Morelli-Wolfe TJ Law Office**<br>**118 New London Turnpike**<br>**Norwich, CT  06360** | | | **HHD-CV11-6021109-S docket number**<br>**for lawsuit PACIFIC INS. CO., LTD, A SUBSIDIARY**<br>**OF THE HARTFOR v. SMITH, CHARLIE** | | | | **1.00** |
| ACCOUNT NO. **HHD-CV11-6021109-S**<br>**Pacific Insurance Company**<br>**PO BOX 40**<br>**Anaheim, CA  92815** | | | **lawsuit  PACIFIC INS. CO., LTD, A SUBSIDIARY OF**<br>**THE HARTFOR v. SMITH, CHARLIE**<br>**Docket Number: HHD-CV11-6021109-S** | | | | **1.00** |
| ACCOUNT NO. **HHD-CV11-6021109-S**<br>**Raymond Law Group**<br>**90 National Drive Suite 3**<br>**Glastonbury, CT  06033** | | | **Represents Plaintiff in law suit**<br>**PACIFIC INS. CO., LTD, A SUBSIDIARY OF THE**<br>**HARTFOR v. SMITH, CHARLIE** | | | | **1.00** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | | Subtotal<br>(Total of this page) | $ | 3.00 |
|---|---|---|---|---|
| | | Total<br>(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 22,152.97 |

©1993-2013 EZ-Filing, Inc.

# EXHIBIT C

Case 14-21261   Doc 1   Filed 06/27/14   Entered 06/27/14 14:45:10   Desc Main
Document       Page 25 of 37
B7 (Official Form 7) (04/13)

## United States Bankruptcy Court
### District of Connecticut

IN RE:                                    Case No. _____

**Smith, Charlie A** _____ Chapter **7** _____

                                 Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2),(31).

---

**1. Income from employment or operation of business**

None   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business,
☐    including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

     AMOUNT  SOURCE
     **34,260.26  2012**

**His taxable gross income**

     **31,062.87  2013**

**His taxable gross income 2013**

     **14,175.48  2014 YTD**

**His taxable gross income 2014 YTD**

---

**2. Income other than from employment or operation of business**

None   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the
☑    **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

©1993-2013 EZ-Filing, Inc.

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,255.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| PACIFIC INSURANCE CO. LTD A SUBSIDIARY OF THE HARTFORD v. SMITH, CHARLIE HHD-CV11-6021109-S | Disposition 7/16/2013 | Hartford CT | Disposition: Judgment After Completed Trial to the Court with no Jury 7/16/2013 |

**Judge: Honorable Richard Rittenband**

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

©1993-2013 EZ-Filing, Inc.

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Kevin Wickless<br>99 Main Street Suite 3A<br>Norwich, CT  06360-0000 | 4/2/2014 | 1,900.00 |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Liberty Bank<br>77 Salem Turnpike Suite 101<br>Norwich, CT  06360-0000 | joint checking | July 2013 |

Closed account around July 2013, Joint account with wife. Account was closed to control spending.

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

©1993-2013 EZ-Filing, Inc.

**16. Spouses and Former Spouses**

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Robin Smith**

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☑ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

©1993-2013 EZ-Filing, Inc.

**None** ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

**None** ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within the **two years** immediately preceding the commencement of this case.

## 20. Inventories

**None** ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**None** ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

## 21. Current Partners, Officers, Directors and Shareholders

**None** ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

**None** ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

## 22. Former partners, officers, directors and shareholders

**None** ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

**None** ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

## 23. Withdrawals from a partnership or distributions by a corporation

**None** ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

## 24. Tax Consolidation Group

**None** ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

## 25. Pension Funds.

**None** ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **June 27, 2014**           Signature **/s/ Charlie Smith**
                                  of Debtor                                    **Charlie Smith**

Date: _____        Signature _____
                                  of Joint Debtor
                                  (if any)

                        **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

**EXHIBIT D**

```
1                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF CONNECTICUT
2

3

4

5    IN RE:                      )  Case No. 14-21261(ASD)
     CHARLIE SMITH               )  Chapter 7
6    DEBTOR                       )
     _____     )  _____
7    PACIFIC INS. CO., LTD A      )
     SUBSIDIARY OF THE HARTFORD   )  AP No. 14-02046(ASD)
8    FINANCIAL SERVICES GROUP     )
     a/s/o PETER PAN BUS LINES    )
9    TRUST,                       )
               Plaintiff,         )
10   VS.                          )
     CHARLIE SMITH,               )
11             Defendant.         )

12

13

14             DEPOSITION OF:  Charlie Smith
               DATE:          February 5, 2015
15             HELD AT:       Kevin Wickless Law, LLC
                              99 Main Street, Suite 3A
16                            Norwich, Connecticut

17

18

19

20             Reporter:  Robin Balletto, RMR, LSR #230
21                 BRANDON HUSEBY REPORTING & VIDEO
                          249 Pearl Street
22                 Hartford, Connecticut 06106
                         (860) 549-1850
23

24

25
```



Pacific Ins. Co., LTD vs. Charlie Smith

02/05/2015                                                              Charlie Smith

```
 1
     APPEARANCES:
 2

 3       Representing the Plaintiff:

 4           Raymond Law Group LLC
             90 National Drive, Suite 3
 5           Glastonbury, Connecticut  06033
             By:  Jay Marshall Wolman, Esq.
 6           Wolman@RaymondLawGroup.com

 7

 8

 9
         Representing the Defendant:
10
             Kevin Wickless Law, LLC
11           99 Main Street, Suite 3A
             Norwich, Connecticut  06360
12           By:  Kevin D. Wickless, Esq.
             kevinwickless@gmail.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```

Pacific Ins. Co., LTD vs. Charlie Smith
02/05/2015                                                          Charlie Smith

```
 1       Q    Okay.  Why don't we --
 2                  (Off-the-record discussion.)
 3    BY MR. WOLMAN:
 4       Q    With respect to matters that were the subject
 5    of attorney Morelli-Wolfe's representation of you in
 6    the negligence action or the lien action, are you
 7    asserting attorney/client privilege relative to
 8    communications between you and Attorney Morelli-Wolfe?
 9       A    No.
10       Q    Are you asserting the work product doctrine
11    relative to documents he prepared with respect to
12    either the negligence action or the lien action?
13       A    Product doctrine?  I don't know what that is.
14       Q    Have you had a chance to discuss this with
15    your counsel?
16       A    He asked me if I knew what it was, I said no.
17       Q    Would you instruct Attorney Morelli-Wolfe to
18    provide to us the documents, and including his own
19    personal notes, that he took in the course of
20    representing you in the negligence action or lien
21    action?
22       A    Would I ask him to give those to you?
23       Q    Yes.
24       A    Yes.
25       Q    Would you waive any claims of legal privilege
```

Pacific Ins. Co., LTD vs. Charlie Smith

02/05/2015                                                          Charlie Smith

```
 1   you might have in those?

 2        A   Yes.

 3        Q   Did you file an appeal of the lien action?

 4        A   Did we file an appeal?

 5        Q   Yes.

 6        A   Not that I recall.

 7        Q   Why not?

 8        A   I don't know.

 9        Q   Did he advise you -- did Mr. Morelli-Wolfe

10   advise you to appeal?

11        A   I don't recall.  I mean, it was a long time

12   ago.

13        Q   Did you discuss with him the likelihood of

14   success on appeal?

15        A   Okay.  Yeah, he discussed the appeal, I have

16   the right to appeal the lien, or that I have the costs

17   of a lawyer.  That's not -- he did discuss to me that

18   I have the right to appeal it, but it would be costly.

19        Q   Did he discuss with you the likelihood of

20   success on appeal?

21        A   He probably said it probably wouldn't be

22   successful.

23        Q   Why not?

24        A   Because the judge is already in the favor of

25   granting the case.
```

# EXHIBIT E

Pacific Ins. Co., LTD vs. Charlie Smith
02/05/2015                                                                    Charlie Smith

```
 1        Q    Have you understood the questions I've asked
 2    you here today?
 3        A    Not fully.
 4             MR. WICKLESS:  He's honest.
 5    BY MR. WOLMAN:
 6        Q    When you haven't understood, have you
 7    indicated that lack of understanding?
 8        A    Somewhat.
 9        Q    Do you wish to change any of the responses to
10    any of the questions I've asked you here today?
11        A    I don't think so.
12        Q    You will be getting a copy to review, whether
13    or not your attorney orders it to keep or just merely
14    for review purposes, and you'll have 30 days to review
15    it and sign it and make any changes.  Do you
16    understand that?
17        A    Yes.
18             MR. WOLMAN:  And before we go off the
19        record, I will just remind you there's also, since
20        I'm not a got-you kind of lawyer, there is also a
21        pending request for admissions.  So just a brief
22        reminder.
23             MR. WICKLESS:  For us?
24             MR. WOLMAN:  Yes.
25             MR. WICKLESS:  I think we hand delivered
```

Pacific Ins. Co., LTD vs. Charlie Smith

02/05/2015                                                    Charlie Smith

```
1       them to you today.
2                MR. WOLMAN:  The answers to
3       interrogatories, and just now the responses to the
4       request for production, but we subsequently served
5       you with some admissions, so I wanted to put a
6       reminder.
7                MR. WICKLESS:  Those have been
8       completed.  I don't know why you didn't get them.
9       I would like to ask a few quick questions if I may
10      in follow-up.
11               MR. WOLMAN:  Of course.  Your counsel
12      has the right to cross-examine.
13
14           CROSS-EXAMINATION BY MR. WICKLESS
15
16      Q    Now, you heard some discussion, Mr. Smith,
17      regarding the work product doctrine, or work product,
18      attorney work product.  Do you know what that is?
19      A    No.
20      Q    Do you know what that means?
21      A    No.
22      Q    Do you know what the attorney/client
23      privilege is?
24      A    Is's like a doctor/patient privilege, like
25      that.
```

**EXHIBIT F**

Pacific Ins. Co., LTD vs. Charlie Smith

02/05/2015                                                              Charlie Smith

```
 1     them to you today.
 2              MR. WOLMAN:   The answers to
 3     interrogatories, and just now the responses to the
 4     request for production, but we subsequently served
 5     you with some admissions, so I wanted to put a
 6     reminder.
 7              MR. WICKLESS:   Those have been
 8     completed.  I don't know why you didn't get them.
 9     I would like to ask a few quick questions if I may
10     in follow-up.
11              MR. WOLMAN:   Of course.  Your counsel
12     has the right to cross-examine.
13
14          CROSS-EXAMINATION BY MR. WICKLESS
15
16     Q    Now, you heard some discussion, Mr. Smith,
17     regarding the work product doctrine, or work product,
18     attorney work product.  Do you know what that is?
19     A    No.
20     Q    Do you know what that means?
21     A    No.
22     Q    Do you know what the attorney/client
23     privilege is?
24     A    Is's like a doctor/patient privilege, like
25     that.
```

Pacific Ins. Co., LTD vs. Charlie Smith

02/05/2015                                                          Charlie Smith

```
 1       Q    Can you just explain a little bit more what
 2   your understanding of the attorney/client privilege
 3   is?
 4       A    That that stays between them.
 5       Q    Do you understand who can claim that
 6   privilege?
 7       A    No.
 8       Q    Now, you heard some discussion, or you
 9   answered some questions from Attorney Wolman regarding
10   Pacific's claims, or alleged claims that they owe you.
11   Do you know how much you owe Pacific?
12       A    Roughly around 65,000.
13       Q    But do you know exactly how much?
14       A    No.
15       Q    I mean, you've heard discussion of $1.
16       A    Yes.
17       Q    You've heard discussion of 60,000, you've
18   heard discussion of 65,000, you've been shown
19   documents with other figures, but do you know right
20   now the exact amount of what their claim is?
21       A    No.
22            MR. WICKLESS:  No more questions.
23            MR. WOLMAN:  I have a couple of
24       follow-up.
25
```