**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-21261 (AMN) |
| | : | |
| CHARLIE SMITH | : | CHAPTER 7 |
| | : | |
| DEBTOR | : | October 16, 2015 |

| | | |
|---|---|---|
| PACIFIC INS. CO., LTD A | : | AP No. 14-02046 (AMN) |
| SUBSIDIARY OF THE HARTFORD | : | |
| FINANCIAL SERVICES GROUP a/s/o | : | |
| PETER PAN BUS LINES TRUST | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLIE SMITH | : | October 16, 2015 |

## PLAINTIFF'S REPLY TO DEBTOR/RESPONDENT'S MEMORANDUM OBJECTING TO PLAINTIFF'S MOTION TO COMPEL

The complainant/plaintiff hereby respectfully submits this response to the debtor/respondent's memorandum objecting to the complainant/plaintiff's previously filed Motion to Compel (ECF Doc. No. 19). In his memorandum, the debtor/respondent argues that he has not previously waived his attorney client privilege, between attorney Morelli-Wolfe and him. Although the complainant/plaintiff's grounds for compelling production were premised both on the lack of privilege over certain documents as well as waiver by the debtor/respondent under the crime-fraud exception, the debtor/respondent objected based on the argument that he did not waive the attorney-client privilege during a deposition of the debtor/respondent on February 5, 2015. To the extent that the complainant/plaintiff's arguments regarding the lack of privilege and waiver under the crime-fraud exception are unopposed, the complainant/plaintiff respectfully requests that the Court find in its favor, based on its previously filed memorandum of law.

However, in response to the argument that was raised in the objection to the motion to compel, the debtor/respondent did, in fact, waive this privilege at a deposition, taken on February 5, 2015, with sufficient consideration as to be effective. As such, the documents and testimony, sought by the complainant/plaintiff, should be compelled because of this waiver as well as because of the waiver under the crime-fraud exception.

## I.  RELEVANT FACTS

During the course of the presently pending litigation, the complainant/plaintiff took the deposition of the debtor respondent on February 5, 2015. At that deposition, the debtor/respondent was represented by counsel, attorney Kevin Wickless. During questioning, the debtor/respondent waived his privilege as to his communications with attorney Morelli-Wolfe and as to any work-product, similarly protected. See Exhibit A. Thereafter, the debtor/respondent was given two opportunities to consult with attorney Kevin Wickless, who was representing him at the deposition and in this matter. After consultation, the debtor/respondent again waived his privilege with attorney Morelli-Wolfe.

## II.  ARGUMENT

In the present case, the debtor/respondent's on-the-record waiver of his attorney client privilege, during the February 5, 2015, was an intentional act, which effectively waived the privilege. Courts have repeatedly recognized that waiver of the attorney-client privilege does not require that the waiving party know precisely the extent of the right being waived. *See e.g. In re Kidder Peabody Sec. Litig.,* 168 F.R.D. 459, 468 (S.D.N.Y. 1996)("Waiver may take place even if the disclosing party does not intentionally relinquish [] a known right.")(internal quotations omitted); *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d. Cir.

1991). "In other words, the 'knowing' inquiry looks into whether the actions in making the previously privileged information public was intentional, and does not assess whether the waiving party understood the attorney-client privilege on a deep level." *Hollis v. O'Driscoll*, 2013 U.S. Dist. LEXIS 83885, 13 Civ. 01955 (AJN), at *10 (N.Y.S.D. June 11, 2013).

In the present case, it is apparent that the debtor/respondent waived the attorney-client privilege that he had with attorney Morelli-Wolfe. Although it is not necessary for a party to be intimately familiar with the nature of the attorney-client privilege, nor the consequences of its waiver, it is obvious from the record here that the debtor/respondent was advised as to the implications of just such a waiver. During the deposition, taken on February 5, 2015, questioning was interrupted twice to allow the debtor-respondent to consult with his attorney, Kevin Wickless. After such consultation, the debtor/respondent waived his privilege with attorney Morelli-Wolfe. As such, the debtor/respondent had ample notice and consultation as to his decision to waive the privilege. Furthermore, as previously discussed, the law does not require such repeated consultation to find that a waiver of the attorney-client privilege was knowing. The debtor/respondent had more than adequate advice and consultation to ensure that his act of waiver was intentional and therefore effective. Therefore, this Court should find that the attorney-client privilege has been waived and compel the requested production.

Further, through a limited order compelling production, the Court may restrict access to the documents and information requested solely to the parties involved and keep the same from being disclosed in public. Also, as has been previously noted complainant/plaintiff has simultaneously instituted a civil complaint, in Connecticut Superior Court, against attorney T.J. Morelli-Wolfe and the Law Office of T.J. Morelli, P.C., alleging legal malpractice in regards to Morelli-Wolfe's representation of the plaintiff in this matter. Since the materials that Morelli-

3

Wolfe and the plaintiff claim are privileged will be discoverable in that matter, there is very little chance of prejudice to the debtor/defendant, as these documents will be disclosed in the future. *See e.g. Tuccio v. Lapine*, 2007 Conn. Super. LEXIS 1933, CV06-5001439-S, at *11 (Conn. Sup. Ct. Aug. 2, 2007)

Respectfully submitted,

Pacific Insurance Company, Ltd.
A subsidiary of The Hartford
Financial Services Group, Inc. a/s/o
Peter Pan Bus Lines Trust

/s/ Bruce H. Raymond
Bruce H. Raymond ct04981
Raymond Law Group, LLC
90 National Drive, Suite 3
Glastonbury, CT 06033
860-633-0580
860-633-0438 – Facsimile
Raymond@raymondlawgroup.com
Its Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing pleading, without exhibits, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. Pursuant to L.B.R. 9010-1(b), the foregoing pleading has been served upon the debtor, trustee, and the U.S. Trustee.

Date:   October 16, 2015                           /s/ Bruce H. Raymond
                                                   Bruce H. Raymond