**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-21261 (JJT) |
| | : | |
| CHARLIE SMITH | : | CHAPTER 7 |
| | : | |
| DEBTOR | : | JULY 20, 2018 |

| | | |
|---|---|---|
| PACIFIC INS. CO., LTD A | : | AP No. 14-02046 (JJT) |
| SUBSIDIARY OF THE HARTFORD | : | |
| FINANCIAL SERVICES GROUP a/s/o | : | |
| PETER PAN BUS LINES TRUST | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLIE SMITH | : | JULY 20, 2018 |

**RULE 9019 MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT**

Pacific Insurance Company, Limited, A Subsidiary of the Hartford Financial Services Group A/S/O Peter Pan Bus Lines Trust ("Pacific") by and through counsel hereby files this motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of a settlement agreement.

**PRELIMINARY STATEMENT**

1. The parties seek the courts approval of settlement in the above-captioned adversary matter by Pacific against Charlie Smith, ("Smith"). At this point, the parties have agreed to release Smith from his obligation as debtor to Pacific for no money paid from the estate of Smith.

2. This release was given contingent on the payment of consideration in exchange for execution of the release of liability in the case of *Pacific Insurance Limited, A Subsidiary*

3

*of the Hartford Financial Services Group A/S/O Peter Pan Bus Lines Trust v. T.J. Morelli-Wolfe et al.*, HHD-CV15-6062580-S.

3. This settlement only serves to eliminate a liability of the bankruptcy estate and is consistent with maximizing the estate for all creditors.

4. As set forth more fully below, Debtor Smith was injured in a motor vehicle collision while in the course of his employment. Plaintiff Pacific paid Debtor Smith workers' compensation benefits in excess of $60,000. Debtor Smith brought claim against the tortfeasor and settled such claim for $100,000. Plaintiff Pacific had a lien against such settlement, but Debtor Smith disregarded that lien. Plaintiff Pacific brought suit against Debtor Smith relative to the lien and was awarded judgment of $75,429.56 on September 4, 2013, nine months prior to the petition date. It is with regard to this judgment that settlement has been reached in the case of *Pacific Insurance Limited, A Subsidiary of the Hartford Financial Services Group A/S/O Peter Pan Bus Lines Trust v. T.J. Morelli-Wolfe et al.*, HHD-CV15-6062580-S to satisfy the same obligation.

## JURISDICTION

1. This is an adversary proceeding in the debtor's Case No. 14-21261 under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. §§ 727 & 523. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J).

## PARTIES

2. Plaintiff Pacific Insurance Company, LTD, a Subsidiary of The Hartford Financial Services Group a/s/o Peter Pan Bus Lines Trust is, and was at all times relevant herein, a Connecticut corporation with principal address of One Hartford Plaza, Hartford,

4

Connecticut 06155, and is and was an insurer licensed and authorized to conduct business in the State of Connecticut.

3. Defendant Charlie Smith is an individual who at all times relevant herein has been a resident of the Village of Uncasville, in the Town of Montville, State of Connecticut

## BACKGROUND

4. At all times mentioned herein, the Debtor, Charlie Smith, was an employee of the Pacific's subrogor and was at the time of the events described acting in the course of his employment.

5. On or about May 8, 2007, the Smith was operating a bus traveling on Route 2 near its intersection with Cossaduck Hill Road in North Stonington, Connecticut when a vehicle driven by Helmut Steinnagel crossed the center line and collided with the bus driven by Smith.

6. As a result of this incident, Smith sustained various personal injuries.

7. The employment of Smith by the Pacific's subrogor was within the scope of the Workers' Compensation Act of the State of Connecticut and his injuries arose out of and in the course of his employment.

8. As a result of these injuries, Pacific's subrogor paid benefits to Smith, and to his medical providers in accordance with the Connecticut Workers' Compensation Act, in the amount of $63,706.06.

9. Smith instituted an action, *Charlie Smith vs. Helmut Steinnagel,* and returnable on April 14, 2009 in the Superior Court, Judicial District of New London at New London, Docket

Number KNL-CV-09-5011162-S to recover damages which Helmut Steinnagel was alleged be legally liable.

10. Pursuant to Connecticut General Statutes § 31-293, the Pacific's subrogor claimed by Intervening Complaint of June 5, 2009, that any damages recovered in the action shall be so paid and apportioned such that it would be reimbursed therefrom the amounts that it had paid, and had become obligated to pay, to or on behalf of the employee plaintiff under the terms of the Workers' Compensation Act.

11. Pursuant to Connecticut General Statutes § 31-293, notice of Pacific's lien under the Workers' Compensation Act was given by letter of June 5, 2009, to Debtor, through his then-attorney, T.J. Morelli-Wolfe, Esq.

12. Subsequent to June 2009, Smith executed a release of liability in favor of Helmut Steinnagel in exchange for a settlement of $100,000, through his auto insurer, Allstate.

13. Debtor failed to pay any portion of that settlement to Pacific or Pacific's subrogor.

14. Pacific instituted an action against Smith styled *Pacific Insurance Company, Ltd., a subsidiary of The Hartford Financial Services Group a/s/o Peter Pan Bus Lines Trust v. Charlie Smith*, Docket No. HHD-CV-11-6021109-S, returnable April 12, 2011, in the Superior Court for the Hartford Judicial District, to be reimbursed on account of its lien on the said settlement proceeds.

15. On July 15, 2013, the Superior Court issued a Memorandum of Decision awarding judgment to Pacific on its complaint in its entirety, in the amount of $63,960.54.

16. On September 4, 2013, the Superior Court awarded offer of compromise interest plus costs, bringing total judgment amount to $75,429.56.

17. On June 27, 2014, Smith filed his petition under Chapter 7. See, ECF No. 1.

6

**SETTLEMENT AGREEMENT**

18. Subsequent to the filing of said petition, a settlement agreement was reached between Pacific and T.J. Morelli-Wolfe in the matter of *Pacific Insurance Limited, A Subsidiary of the Hartford Financial Services Group A/S/O Peter Pan Bus Lines Trust v. T.J. Morelli-Wolfe et al.*, HHD-CV15-6062580-S. The settlement in that case satisfied the damages claimed by Pacific in the present adversary proceeding and any damages sought from Smith would be duplicative.

**RELIEF REQUESTED**

19. In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Air Line Pilots Ass'n v. Am. Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *In re Drexel Burnham*, 134 B.R. at 505. It is appropriate for the court to consider the opinions of the trustee or debtor in possession that a settlement is fair and equitable. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994). In addition, the bankruptcy court should exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); see also *Shugrue*, 165 B.R. at 123 ("[T]he general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above.").

7

20. In determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvas the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)); *In re Purofied Down Prods. 19 62166395_1 Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) (in making the determination of reasonableness, the court need not conduct a "mini-trial" on the merits). "All that [the proponent of the settlement] must do is establish [that] it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end." *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (citation omitted).

21. Here, Pacific has settled the claim it held against Smith in a separate matter of *Pacific Insurance Limited, A Subsidiary of the Hartford Financial Services Group A/S/O Peter Pan Bus Lines Trust v. T.J. Morelli-Wolfe et al.*, HHD-CV15-6062580-S. It is beneficial to Smith's estate that this liability be resolved without further cost of litigation. Moreover, this settlement simply removes a liability from the debtor and does not prejudice any creditor to his estate. The only creditor that is affected is Pacific, which has agreed to be compensated in the separate action. As such, this agreement is fair and equitable, reasonable, and in the best interests of the debtor's estate.

**NOTICE**

22. Notice of this Motion will be provided pursuant to Rules 9019(a) and 2002 of the Federal Rules of Bankruptcy Procedure and Connecticut Bankruptcy Rule 9019-2.

WHEREFORE, Pacific respectfully requests that the Court enter the proposed order, attached hereto as exhibit 1, approving the Settlement and granting such additional and further relief as the Court deems just and appropriate.

        Pacific Insurance Company, Ltd.
        A subsidiary of The Hartford
        Financial Services Group, Inc. a/s/o
        Peter Pan Bus Lines Trust

        /s/ Bruce H. Raymond
        Bruce H. Raymond ct04981
        Raymond Law Group LLC
        90 National Drive, Suite 3
        Glastonbury, CT 06033
        860-633-0580
        860-633-0438-Fax
        Raymond@RaymondLawGroup.com
        Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. Pursuant to L.B.R. 9010-1(b) and F.B.R. 9019, the foregoing pleading has been served upon the creditors, debtor, trustee, and the U.S. Trustee as outlined in the attached Schedule A.


Date:   July 20, 2018                                                              /s/ Bruce H. Raymond
                                                                                                    Bruce H. Raymond

SCHEDULE A

| | |
|---|---|
| Thomas C. Boscarino, Esq.<br>Boscarino, Grasso & Twachtman<br>628 Hebron Avenue, Building 2<br>Suite 301<br>Glastonbury, CT 06033 | Office of the U.S. Trustee<br>Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT 06510 |
| AT&T Services<br>1 Science Park<br>New Haven, CT 06511 | Capital One<br>P.O. Box 30281<br>Salt Lake City, UT 84130 |
| Capital One<br>P.O. Box 30281<br>Salt Lake City, UT 84130 | Citifinancial Auto<br>2208 Highway 121 Ste. 100<br>Bedford, TX 76021 |
| Enterprise Final Team<br>1 Science Park Flr 2<br>New Haven, CT 06511 | Groton Ambulance Association<br>269 Main Street<br>Cromwell, CT 06416 |
| IPC Hospitalists of New England<br>POB 8219<br>Pasadena, CA 91109 | IPC Hospitalists of New England<br>POB 8219<br>Pasadena, CA 91109 |
| Lawrence & Memorial Hospital<br>POB 536<br>Linden, MI 48451 | Lawrence & Memorial Paramedics<br>269 Main Street<br>Cromwell, CT 06416 |
| London & London Attorneys at Law<br>48 Christian Lane<br>Newington, CT 06111 | Law Offices of T.J. Morelli-Wolfe<br>118 New London Turnpike<br>Norwich, CT 06360 |
| Pacific Insurance Company<br>P.O. Box 40<br>Anaheim, CA 92815 | Raymond Law Group LLC<br>90 National Drive, Suite 3<br>Glastonbury, CT 06033 |