# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 14-21261 (JJT)** |
| | : | |
| **CHARLIE SMITH** | : | **CHAPTER 7** |
| | : | |
| **DEBTOR** | : | **JULY 20, 2018** |

| | | |
|---|---|---|
| **PACIFIC INS. CO., LTD A** | : | AP No. 14-02046 (JJT) |
| **SUBSIDIARY OF THE HARTFORD** | : | |
| **FINANCIAL SERVICES GROUP a/s/o** | : | |
| **PETER PAN BUS LINES TRUST** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHARLIE SMITH** | : | **RE: ECF No. 80** |

### ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
### PACIFIC INS. CO., LTD A SUBSIDIARY OF THE HARTFORD, FINANCIAL
### SERVICES GROUP a/s/o PETER PAN BUS LINES TRUST , DEBTOR, AND TRUSTEE

Upon the motion dated July 20, 2018 of Pacific Insurance Company Limited, A Subsidiary of

the Hartford Financial Services Group a/s/o Peter Pan Bus Lines Trust ("Pacific"), and the Court

having jurisdiction to consider the Motion and relief requested therein; and

Upon consideration of the Motion, any objections thereto, briefs and arguments of counsel,

and due and proper notice of the Motion having been provided, to all parties in interest, and it

appearing that the notice of the Motion is sufficient, adequate, and timely under the circumstances

of this case and that no other or further notice need be provided; and a reasonable opportunity to

object or be heard regarding the Motion having been given to all such parties; and a full and fair

opportunity having been afforded to litigate all issues raised in all objections, or which might have been raised, and all objections having been fully and fairly litigated;

### IT IS HEREBY FOUND AND DETERMINED THAT:

The release of claims against the debtor, Charlie Smith ("Smith") by Pacific for no additional payment than that received by Pacific in the state matter of *Pacific Insurance Limited, A Subsidiary of the Hartford Financial Services Group A/S/O Peter Pan Bus Lines Trust v. T.J. Morelli-Wolfe et al.*, HHD-CV15-6062580-S

    a) a full litigation of the Claims resolved by the settlement agreement would be extremely complex, protracted and expensive and would significantly delay the Trustees ability to make any distributions from the Smith Estate to creditors;

    b) the settlement agreement is in the best interests of the Smith estate and its creditors;

    c) the Smith estate creditors will not be prejudiced in any way by this settlement

### NOW THEREFORE, IT IS HEREBY ORDERED THAT:

The Motion is granted in all respects and that the settlement agreement is authorized and approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Dated at Hartford, Connecticut this 24th day of August, 2018.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*